**PGC PIPELINE, DIVISION OF LPC ENERGY, INC., Plaintiff-Counter Defendant-Appellee,**

v.

**LOUISIANA INTRASTATE GAS, DIVISION OF CELERON CORPORATION, Defendant-Counter Plaintiff-Appellant.**

**No. 86–4069.**

United States Court of Appeals, Fifth Circuit.

June 6, 1986.

Opinion on Rehearing July 25, 1986.

Lawrence E. Donohoe, Jr., Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, R. Thomas Jorden, Jr., Lafayette, La., Provosty, Sadler & Dalauney, LeDoux, R. Provosty, Jr., Alexandria, La., Oliver G. Richard, III, Houston, Tex., Edward M. Doyle, La. Intrastate Gas Corp., Alexandria, La., for defendant-counter plaintiff-appellant.

Ray A. Barlow, Hargrove, Guyton, Ramey & Barlow, Thomas J. Wyatt, Scott C. Sinclair, Shreveport, La., for plaintiff-counter defendant-appellee.

Before WILLIAMS, JOLLY and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This case involves an alleged breach of a take-or-pay gas contract. PGC Pipeline, a division of LPC Energy, Inc. (PGC) filed this suit against Celeron Corporation, now Louisiana Intrastate Gas Corporation (LIG), seeking money damages, specific performance, a permanent injunction, and other relief arising from a claimed breach by LIG of its obligations under the take-or-pay provisions of a contract between the parties. The district court granted partial summary judgment in favor of PGC which we affirm as to past breaches of the contract. We modify the decision of the district court as to the ongoing obligations of LIG under the contract. The parties have properly asked that we expedite our decision of this appeal.

### I.

On April 17, 1980, PGC and LIG entered into a contract under which PGC agreed to sell gas to LIG. On December 6, 1981, PGC and LIG entered into an additional contract for sale of additional volumes of natural gas. On November 11, 1983, PGC and LIG executed a Settlement Agreement which amended certain provisions of these two contracts. The Settlement Agreement also incorporated certain provisions of the prior contracts. The Settlement Agreement is the only contract at issue in this case.

LIG ceased taking any gas from PGC in April, 1985, and has paid no take-or-pay monies to PGC for gas not taken since November 11, 1983. Consequently, PGC was forced to sell on the spot market gas that LIG failed to take. LIG claimed that it was entitled to credits for the gas sold on the spot market. The two earlier contracts between the parties provided for such credits but the Settlement Agreement did not do so explicitly. LIG asserted that the credit provision was implied in the Settlement Agreement.

The district court found that LIG breached the contracts as modified by the Settlement Agreement and that LIG was not entitled to any credits under the Settlement Agreement. We find that the district court properly interpreted the contracts. The credit provided in the original gas contracts was a credit to LIG for gas "tendered to but not taken by Buyer." The Settlement Agreement eliminated this credit provision by abandoning the concept of "tender" in favor of a percentage of "deliv-

erability" test which in general was more favorable to LIG.

The absence of the credit provision in the Settlement Agreement fits into the pattern of the percentage of deliverability test and the lower obligation to take gas placed upon LIG. There simply is no justification to read into a complex business contract entered into by two knowledgeable parties a provision of great significance in the earlier contracts which provided for a different way of doing business. The Settlement Agreement must stand on its own terms.

■ With the proper interpretation finding no credit provisions applicable under the Settlement Agreement, the district court was correct in granting summary judgment. As we held in *Nunez v. Superior Oil Co.*, 572 F.2d 1119 (5th Cir.1978):

> If a decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though the decision may depend on inferences to be drawn from what has been incontrovertibly proved.... A trial on the merits would reveal no additional data.

*Id.* at 1123. We find no indication of any additional evidence which would raise any question changing the district court's interpretation of the Settlement Agreement regarding the credit provision. We find there are no genuine issues of material fact with regard to LIG's take-or-pay obligations under the contract, and no genuine issue of fact which might establish that LIG is entitled to credits. The court awarded damages based upon LIG's failure to "take" under the contract since it did not exercise its option to "pay." This measure of damages was correct.

## II.

■ As to LIG's continuing obligation under the Settlement Agreement, the district court ordered specific performance and held that LIG had lost the "pay" option for the entire remainder of the contract.

The court found that the gas contract was an alternative obligation contract under La. Civ.Code Art. 1808. The Code provides: "An obligation is alternative when an obligator is bound to render only one of two or more items of performance." Article 1810 provides: "When the party who has the choice does not exercise it after a demand to do so, the other party may choose the item of performance." The district court, relying upon Art. 1810, held that LIG had failed to exercise its choice to "take" or "pay" when it failed to perform the contract and thereby had forfeited all future right to elect in regard to take-or-pay. Thus, the district court enforced PGC's request that LIG be forced to "take" for the remainder of the contract. The gas contract expires on January 1, 2002.

We do not agree that LIG has forfeited its right to elect between "take" or "pay" for future deliveries. It is true that a take-or-pay contract is considered an alternative obligation under Art. 1808 of the Louisiana Civil Code. *Superior Oil Co. v. Transco Energy Co.*, 616 F.Supp. 98, 107 (D.C.La.1985). The question to be decided is whether breach of this alternative obligation contract forced LIG to forfeit its choice as to future deliveries. Article 1810 of the Code provides that the party who has the choice loses his right to choose only when he does not "exercise it after a demand to do so." Comment (c) to Article 1810 indicates:

> The demand upon the party who has the choice must, of course, be seasonably made, that is, neither before any condition prior to performance has been met, nor before arrival of any term if any. According to circumstances, the obligator may be allowed a reasonable delay to make his choice after notice has been given.

As Comment (c) indicates, Article 1810 does not act to forfeit the obligee's choice of performance unless first a *seasonable* demand for performance has been made. In the present case, the Settlement Agreement provides that LIG's decision as to whether it will "take" or "pay" is to be made on a monthly basis. Because LIG is granted a new choice every month, the contract envisions a series of obligations

(as opposed to one single obligation) for purposes of Article 1810. LIG, by failing to "take" or "pay" in prior months, does not forfeit its right to choose for future months, because those obligations have not yet arisen. Thus, any demand for performance (a prerequisite for forfeiture of choice under Article 1810) by PGC as to future take-or-pay obligations is not at this time seasonable. Consequently, PGC has no right under Article 1810 to force LIG to relinquish its take-or-pay option.

A contrary interpretation of the Code would fly in the face of established practice in the oil and gas industry. Take-or-pay gas contracts are standard in the industry. H. Williams and C. Meyers, *Oil and Gas Law*, § 724.5. The take-or-pay option is commonly given in gas contracts because of the cyclical nature of the demand for gas. *Id.* The fact that there is a breach of the contract does not authorize PGC to force LIG to "take" for the remainder of the contract. LIG has forfeited its right to choose as to past obligations it has breached, but it has not as yet breached any future obligations. We reverse that part of the district court judgment which removed the option of LIG to "take" or "pay" in regard to future deliveries under the contract.

We find no merit in any of the remaining issues asserted by appellant. We reverse that portion of the judgment which removes LIG's option to "take" or "pay" for future deliveries. In all other respects, we affirm the judgment of the district court.

AFFIRMED IN PART, REVERSED IN PART.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

PER CURIAM:

The petition for rehearing is granted solely to correct erroneous reference to a damage award by the district court. The district court's judgment awarded only prospective specific performance, ordering LIG to take and pay for quantities of natural gas in the future. There was no ruling by the district court as to damages for past breaches of the take or pay contracts.

Accordingly, our decision and opinion is modified to delete any reference to an award of damages for prior breaches of the contract between the parties. In all other respects, our prior decision and opinion are unchanged.

No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.

MODIFIED ON REHEARING.